IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION (FRANKFORT)

| | |
|---|---|
| DORA C. MILLER and <br> WALTER MILLER, <br> <br>         Plaintiffs, <br> <br> v. <br> <br> CAPITAL ONE AUTO FINANCE, INC., <br> <br>         Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> )   CIVIL ACTION NO. <br> ) <br> ) <br> ) <br> ) <br> ) |

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1331, 1367, 1441, and 1446, defendant identified in the Complaint as Capital One Auto Finance, Inc., and properly identified as Capital One Auto Finance, a Division of Capital One, N.A. ("COAF"), appearing specially so as to preserve any and all defenses available under Rule 12 of the Federal Rules of Civil Procedure, and any and all defenses under the federal laws of bankruptcy, gives notice of the removal of this action from the Carroll Circuit Court, Carroll County, Kentucky, to the United States District Court for the Eastern District of Kentucky, Central Division (Frankfort). As grounds in support of this removal, the Midland Defendants state as follows:

### I. INTRODUCTION

1.     Plaintiffs Dora C. Miller and Walter Miller ("Plaintiffs") commenced this action by filing a complaint against COAF in the Carroll Circuit Court, Carroll County, Kentucky, Case No. 17-CI-00087 on or about June 14, 2017. [*See* Complaint, attached hereto with the court file as Exhibit "A".]

2. Plaintiffs' Verified Complaint asserts claims against COAF relating to a loan on the subject vehicle Plaintiffs purchased. [*See generally* Compl.]

3. Based on these allegations, Plaintiffs attempt to assert a federal claim against COAF under the Fair Debt Collection Practices Act ("FDCPA"). [*Id.* at ¶¶ 18-20.][1]

4. Plaintiffs also allege state causes of action for conversion [*id.* at ¶¶ 10-12] and violations of the Kentucky Consumer Protection Act, KRS 367.110 *et seq*. [*id.* at ¶¶ 14-16.]

5. COAF denies the allegations in the Complaint, that Plaintiffs have stated a claim for which relief may be granted, and denies that Plaintiffs have been damaged in any manner. Nevertheless, assuming that Plaintiffs' claims are valid for jurisdictional purposes only, Plaintiffs could have originally filed his Complaint in this Court because it raises a federal question.

6. Accordingly, this Court has federal question jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331, 1367, 1441 and 1446 because the lawsuit places at issue claims arising under a law of the United States.

## II. FEDERAL QUESTION JURISDICTION

7. Federal district courts have "original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Removal jurisdiction based upon a federal question exists when a federal question is presented on the face of a plaintiff's complaint. *See Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987).

---

[1] Plaintiffs appear to have mis-cited the FDCPA statute in their Complaint. They cited to 15 U.S.C. § 1601, *et seq.* (Compl., at ¶¶ 18-19); however, that citation is for the Truth in Lending Act. Because Plaintiff named the FDCPA specifically and referred to debt collection issues, which are covered under the FDCPA, COAF believes the FDCPA is the proper federal statute at issue. In the event Plaintiffs did intend to cite to the Truth in Lending Act, the removal of this matter is still proper as it is a federal statute as well.

8.      This is a civil action arising under the Constitution, laws, or treaties of the United States, because Plaintiffs are asserting a claim against COAF based upon alleged violations of the FDCPA, which is a federal consumer protection statute. [*See* Compl., at ¶¶ 18-20]; *see also* 15 U.S.C. §§ 1692 *et seq.*] Accordingly, Plaintiffs' FDCPA claim arises under the laws of the United States and could have been originally filed in this Court.

### III. SUPPLEMENTAL JURISDICTION EXISTS OVER THIS ACTION

9.      This Court can exercise supplemental jurisdiction over the state law claims Plaintiffs make against COAF because the state law claims form part of the same case or controversy as Plaintiffs' federal claims. The supplemental jurisdiction statute, 28 U.S.C. § 1367(a), provides in pertinent part as follows:

> [I]n any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy . . .

10.     In the instant case, Plaintiffs' state law claims are related to the same activity that forms the basis of Plaintiffs' FDCPA claim. Each claim relates to COAF's alleged actions in collecting on the debt on the loan for the subject vehicle. [*See* Complaint, ¶¶ 5-9.] Thus, Plaintiffs' state law claims in this case are "so related to claims in the action within [this Court's] original jurisdiction" that they form part of the same case or controversy and, as such, fall squarely within this Court's supplemental jurisdiction as provided under 28 U.S.C. § 1367(a). *See also* 28 U.S.C. § 1441(c) ("Whenever a separate and independent claim or cause of action within the jurisdiction conferred by section 1331 of this title is joined with one or more otherwise non-removable claims or causes of action, the entire case may be removed and the district court may determine all issues therein . . . .").

11. Moreover, this Court should exercise supplemental jurisdiction over Plaintiffs' state law claims in this action to avoid an unnecessary duplication of judicial resources. *See Landefeld v. Marion General Hosp., Inc.*, 994 F.2d 1178, 1182 (6th Cir. 1993) (holding that, in deciding whether to exercise supplemental jurisdiction, "[a] district court should consider the interests of judicial economy and the avoidance of multiplicity of litigation"). In the instant case, Plaintiffs' state law claims arise from the same transaction or occurrence but does not raise novel or complex issues of state law or predominate over Plaintiffs' FDCPA claims. *See Blakely v. United States*, 276 F.3d 853, 862 (6th Cir. 2002) (citing 28 U.S.C. § 1367(c)). Therefore, this Court should exercise jurisdiction over all claims asserted in Plaintiffs' Complaint.

### IV. ADOPTION AND RESERVATION OF DEFENSES

11. Nothing in this notice of removal shall be interpreted as a waiver or relinquishment of any of COAF's rights to assert any defense or affirmative matter, including, but not limited to, the defenses of: (1) lack of jurisdiction over the person; (2) improper venue; (3) insufficiency of process; (4) insufficiency of service of process; (5) improper joinder of claims and/or parties; (6) failure to state a claim; (7) the mandatory arbitrability of some or all of the claims; (8) failure to join indispensable parties; or (9) any other pertinent defense available under Fed. R. Civ. P. 12, any state or federal statute, or otherwise.

### V. PROCEDURAL REQUIREMENTS

12. This case is a civil action within the meaning of the Acts of Congress relating to the removal of cases.

13. True and correct copies of "all process, pleadings, and orders" are attached hereto as Exhibit "A" in conformity with 28 U.S.C. § 1446(a). There are no other process, pleadings, or

orders served on COAF to date in this case.

14. No prior application has been made for the relief requested herein.

15. This Notice of Removal is filed within the time frame set forth in 28 U.S.C. § 1446. Pursuant to KRS 454.210(c)(3) the "[s]ummons shall be deemed served on the return of the Secretary of State." The Kentucky Secretary of State sent its return to the Clerk of the Court on June 26, 2017.

16. The United States District Court for the Eastern District of Kentucky, Central Division (Frankfort), is the court and division embracing the place where this action is pending in state court.

17. Contemporaneously with the filing of this notice of removal, COAF has filed a copy of same with the clerk of the Carroll District Court, Carroll County, Kentucky and a notice of filing notice of removal. Written notice of the filing of this notice of removal has also been served upon the Plaintiffs.

18. All prerequisites for removal, as set forth in 28 U.S.C. § 1441, have been met.

19. In the event that remand is sought by Plaintiff or otherwise visited by this Court, Capital One respectfully requests that this Court allow it an opportunity to further brief this matter and submit additional evidence and/or argument in support of this removal.

**WHEREFORE**, COAF prays that this Court take jurisdiction of this action and issue all necessary orders and process to remove this action from the Carroll District Court, Carroll County, Kentucky, to the United States District Court for the Eastern District of Kentucky, Central Division (Frankfort).

Respectfully submitted this 14th day of July, 2017.

                                       */s/ Reid S. Manley*
Reid S. Manley
Kentucky Bar No. 90360
BURR & FORMAN LLP
420 North 20th Street, Suite 3400
Birmingham, Alabama 35203
Telephone: (205) 251-3000
Facsimile: (205) 458-5100
rmanley@burr.com

Attorney for Defendant
CAPITAL ONE AUTO FINANCE, A DIVISION OF CAPITAL ONE, N.A.

# **CERTIFICATE OF SERVICE**

      I hereby certify that a copy of the foregoing document has been served on the following by Electronic Filing, and/or by U.S. First Class Mail, hand delivery, fax or email on this 14th day of July, 2017:

Ruth H. Baxter<br>
Jake A. Thompson<br>
<em>Crawford & Baxter, P.S.C.</em><br>
523 Highland Avenue<br>
P.O. Box 353<br>
Carrollton, Kentucky 41008<br>
rbaxter@cbkylaw.com<br>
jthompson@cbkylaw.com

*Attorneys for Plaintiffs*

                                            */s/ Reid S. Manley*
                                            Reid S. Manley